JUSTICE RICE,
concurring in part and dissenting in part.
¶34 “A cause may not be reversed by reason of any error committed by the trial court against the convicted person unless the record shows that the error was prejudicial.” Section 46-20-701(1), MCA. Although the Court concludes that prejudice arising from the discovery error cannot be assessed at this juncture, Opinion, ¶ 25,1 believe that this Court can and must make that assessment under the statute. The Court is remanding this case to the District Court, which will be faced with an inevitable request by Pope for reversal of the judgment and a new trial. This procedure is unnecessary and unwarranted.
¶35 Myers was the alleged victim of an intra-relational crime of violence, involving the not-uncommon occurrence where the victim recanted her original report and gave inconsistent statements about the incident. What Myers would testify to at trial remained uncertain—even after her recantation of her first recantation during the interview with Hulme—but she ultimately testified similarly to her original report. The defense was aware of Myers’ inconsistent statements and aware of her expressed hostility toward the defense shortly before Myers testified. The defense cross-examined Myers about the versions of her story. The jury assessed Myers’ conflicting statements and rejected the most serious charge against Pope, attempted deliberate homicide. I do not believe Pope was prejudiced under these circumstances, and would not remand this matter to the District Court for consideration of discovery sanctions under Issue 1. Rather, I would affirm the conviction.
¶36 With respect to issue three, I concur with the Court’s opinion.
CHIEF JUSTICE McGRATH and JUSTICE BAKER join in the concurring and dissenting Opinion of JUSTICE RICE.